**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTONIO COLBERT, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 11-771 (JDB) |
| F.B.I., | ) | |
| Defendant. | ) | |
| ANTONIO COLBERT, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 11-772 (JDB) |
| U.S. ATTORNEYS OFFICE, | ) | |
| Defendant. | ) | |
| ANTONIO COLBERT, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 11-928 (JDB) |
| CLERK, UNITED STATES COURT OF APPEALS, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff has commenced three cases against three separate governmental defendants making similar allegations concerning his mail. These defendants now move to consolidate these cases. This motion will be granted.

## I. Background.

First, Plaintiff filed Civil Action Number 11-771 in the Superior Court of the District of Columbia against the "F.B.I." Compl., No. 11-cv-771, ECF No. 7-1, p. 5. Presumably, Plaintiff has actually sued the Federal Bureau of Investigation. In this case, Plaintiff asserts that this Defendant "refused to investigate a matter in which the post office mailing clerks stole moneys awarded to me." *Id.* This Defendant removed this case to this Court. *See* Notice of Removal, No. 11-cv-771, ECF No. 1.

Second, Plaintiff filed Civil Action Number 11-772 in the Superior Court of the District of Columbia against the "U.S. Attorneys Office." Compl., No. 11-cv-772, ECF No. 3-1, p. 5. A review of the address listed for this Defendant shows that Plaintiff has actually sued the United States Attorney's Office for the District of Columbia. *See id.* In this case, Plaintiff asserts that this Defendant "refuse[d] to look into criminal misconduct issues I've filed against the Postal Service." *Id.* This Defendant removed this case to this Court. *See* Notice of Removal, No. 11-cv-772, ECF No. 1.

Finally, Plaintiff filed Civil Action Number 11-928 in the Superior Court of the District of Columbia against the "Clerk, United States Court of Appeals." Compl., No. 11-cv-928, ECF No. 2-1, p. 7. A review of the address listed for this Defendant shows that Plaintiff has actually sued the Clerk of the United States Court of Appeals for the District of Columbia Circuit. *See id.* In this case, Plaintiff asserts that "the post office has presently stop [sic] me from[] receiving mail and the clerk's office refuse [sic] to notify the adequit [sic] authorities in [sic] federal crime in progress." *Id.* This Defendant removed this case to this Court. *See* Notice of Removal, No. 11-cv-928, ECF No. 1.

All Defendants now move to consolidate these three cases. *See* Fed. Defs.' Mot. to Consolidate, No. 11-cv-771, ECF No. 4 [hereinafter Mot.].

## II. Analysis.

### A. Legal Standard for Consolidation.

Federal Rule of Civil Procedure 42 provides, in relevant part, that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a), (a)(2). Consolidation under this rule "is permissive and vests a purely discretionary power in the district court." *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, Nos. 11-cv-506 & 11-cv-489, 2011 WL 941609, at *2 (D.D.C. Mar. 21, 2011). "In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Id.* "[C]onsolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009). "If the parties at issue, the procedural posture and the allegations in each case are different, however, consolidation is not appropriate." *Id.* (citing *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002)). "In short, 'courts weigh considerations of convenience and economy against considerations of confusion and prejudice.'" *Id.* (quoting *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003)).

### B. Consolidation Is Appropriate.

Defendants argue that Civil Action Numbers 11-771, 11-772, and 11-928 should be consolidated because these cases are "substantially identical . . . , involving the same legal and factual issues." Mot. at 2. The Court agrees. Although these cases have been commenced against different defendants, because all three cases stem from similar allegations—interference with Plaintiff's mail—these cases contain common questions of law and fact. Consolidation

would thus facilitate a more efficient resolution of these cases. Furthermore, although Plaintiff apparently indicated to Defendants that he would oppose consolidation in this case, *see* Mot. at 1, he has not done so to date. The Court therefore considers the motion to consolidate conceded. *See* D.D.C. LCvR 7(b). The Court will therefore grant Defendants' motion to consolidate.

### C. Effect of Consolidation.

"Consolidation . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'" *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933) (discussing 28 U.S.C. § 734, the predecessor statute to Rule 42(a)); *see also Ind. Pet. Ass'n of Am. v. Babbitt*, 235 F.3d 588, 596 (D.C. Cir. 2001); *New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 147–48 (D.D.C. 2002). "Rather, consolidation is a purely ministerial act which . . . relieves the parties and the Court of the burden of duplicative pleadings and Court orders." *Microsoft*, 209 F. Supp. 2d at 148. Therefore, the Court will direct the parties to make all future filings in these consolidated cases only on the docket of Civil Action No. 11-771, but to identify all three cases in the captions of such filings. The Court will close Civil Action Numbers 11-772 and 11-928.

## III. Conclusion.

For the reasons discussed above, the Court will grant Defendants' motion to consolidate Civil Action Numbers 11-771, 11-772, and 11-928. A separate Order consistent with this Memorandum Opinion shall issue this date.

/s/
JOHN D. BATES
United States District Judge